**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| SYED NAIYER KHALIL, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| | § | CIVIL ACTION NO. H-14-2483 |
| | § | |
| | § | |
| VS. | § | |
| | § | |
| MARK J. HAZUDA, Director, United States | § | |
| Citizenship and Immigration Services, | § | |
| Nebraska Service Center; LEON | § | |
| RODRIGUEZ, Director, United States | § | |
| Citizenship and Immigration Services; | § | |
| JEN JOHNSON, Secretary of the Department | § | |
| of Homeland Security; JOHN F. KERRY, | § | |
| United States Secretary of State; THOMAS | § | |
| L. VAJDA, Consul General, United States | § | |
| Consulate, Kolkata, India; and EDWARD | § | |
| RAMOTOWSKI, Deputy Assistant Secretary | § | |
| of State for Visa Services, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

**I.      Background**

Syed Naiyer Khalil is a citizen of India, where he currently lives.  Khalil has never had

immigrant or permanent status in the United States.  (Docket Entry No. 1, No. 26).  The record does

not reveal when Khalil began working for Herbal Pharma in the United States on an authorized H-

1B visa,[1] but in May 2006, Herbal Pharma sought and obtained approval for a Form ETA-9089[2] Application for Permanent Employment Certification for Khalil.  (Docket Entry No.1, No. 26).  In June 2006, Herbal Pharma filed a Form I-140[3] Visa Petition for Alien Worker ("I-140") on Khalil's behalf.  That petition was approved in October 2006.  (Docket Entry No. 1, No. 26).  In July 2007, Khalil filed a Form I-485[4] Application to Register Permanent Residence or Adjust Status.

In September 2009, Khalil's visa expired.  He continued working for Herbal Pharma without an approved H-1B petition or an Employment Authorization Document.  (Docket Entry No. 1).  Three years later, in October 2011, his I-485 application was denied because he had worked without authorization for more than 180 days.  (Docket Entry No. 1, No. 26).

In June 2011, Herbal Pharma filed an application to transfer its Form I-140 petition to the U.S. Consulate in Mumbai, India.  The United States Citizenship and Immigration Services ("USCIS") granted the application on October 14, 2011.  (Docket Entry No. 1).  In early 2012, Khalil stopped working for Herbal Pharma.  He left the United States for India in late March 2012.  (Docket Entry No. 1, No. 26).  On April 9, 2012, Khalil applied for an immigrant visa under 8 U.S.C. §§ 1201-1202 before a consular officer at the United States consulate in Mumbai, India.

---

[1]  "H-1B Visas are issued to non-immigrant aliens permitting them to enter the United States on a temporary basis to perform services in a 'speciality occupation.'" *Pedrozo v. Clinton*, 610 F. Supp. 2d 730, 731 n.1 (S.D. Tex 2009) (citing 8 U.S.C. §1101(a)(15)(H)(i)(b) (Supp. 2008)).

[2]  "Except as otherwise provided by §§ 656.15, 656.16, and 656.18, an employer who desires to apply for a labor certification on behalf of an alien must file a completed Department of Labor Application for Permanent Employment Certification form (ETA Form 9089)."  20 C.F.R. § 656.17(a)(1).

[3]  "After an H-1B visa is obtained for an alien employee, the employer can use Form I-140 to file an immigrant petition on the employee's behalf."  *Khalid v. DHS, USA*, 1 F. Supp. 3d 560, 564 n.1 (S.D. Tex 2014).

[4]  "An alien applies for adjustment of status to that of a lawful permanent resident on USCIS Form I-485."  *Offiong v. Holder*, 864 F. Supp. 2d. 611, 619 (S.D. Tex. 2012) (citing 8 C.F.R. § 299.1).

(Docket Entry No. 1, No. 26).  At his immigrant visa interview, Khalil presented an offer of same or similar employment from Chemquest International.  (Docket Entry Nos.1, 26).  The consulate refused to issue a visa under 8 U.S.C. § 1201(g), which provides that "[n]o visa or other documentation shall be issued to an alien if (1) it appears to the consular officer, from statements in the application, or in the papers submitted therewith, that such alien is ineligible to receive a visa or such other documentation under section 1182 of this title, or any other provision of law, (2) the application fails to comply with the provisions of this chapter, or the regulations issued thereunder, or (3) the consular officer knows or has reason to believe that such alien is ineligible to receive a visa or such other documentation under section 1182 of this title, or any other provision of law." 8 U.S.C. § 1201(g).  (Docket Entry No. 1, No. 26).

In August 2013, Khalil interviewed at the American consulate in Mumbai.  He presented a letter with an updated employment offer from Chemquest International.  (Docket Entry No. 1, No. 26).  The consulate again refused to issue a visa under 8 U.S.C. § 1201(g).  The consular officer returned the I-140 visa petition to the USCIS to consider revocation under 8 U.S.C. § 1155, which provides that "[t]he Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title."  (Docket Entry No. 1, No. 26).

On February 10, 2014, the USCIS issued a notice of intent to revoke the I-140 petition approval under 8 U.S.C. § 1155, and did so on March 26, 2014.  (Docket Entry No. 1, No. 26).  On November 28, 2014, a consular officer refused the visa application Khalil and his family members

filed under 8 U.S.C. § 1182(a)(5)[5] because the USCIS had revoked the underlying I-140 petition approval.  (Docket Entry No. 26, Ex. 1, Ex. 2).

On August 27, 2014, Khalil and his family members filed this action, alleging that the I-140 revocation and the refusal to adjudicate their immigrant visa application violated the Immigration and Nationality Act ("INA"), the INA's implementing memoranda, the Administrative Procedure Act ("APA"), and the Due Process Clause of the United States Constitution.  (Docket Entry No. 1). On December 10, 2014, the government moved to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(6) for failure to state a claim.  (Docket Entry No. 26).  The plaintiffs responded, the government replied, and the court heard oral argument. (Docket Entry No. 29, 33, 34).

## II.    The Legal Standard

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction.  "A case is properly dismissed, for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Masidon*, 143 F.3d 1006, 1010 (5th Cir. 1998).  "Courts may dismiss for lack of

---

[5]  Section 1182(a)(5) provides that "[a]ny alien who seeks to enter the United States for the purpose of performing skilled or unskilled labor is inadmissible, unless the Secretary of Labor has determined and certified to the Secretary of State and the Attorney General that–

(I) there are not sufficient workers who are able, willing, qualified (or equally qualified in the case of an alien described in clause (ii)) and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor, and

(II) the employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed.

8 U.S.C. § 1182(a)(5)(A)(i).

4

subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint

supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed

facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th

Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). When examining a

factual challenge to subject-matter jurisdiction under Rule 12(b)(1), which does not implicate the

merits of plaintiff's cause of action, the district court has substantial authority "to weigh the

evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver,

Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *see also Clark*, 798 F.2d at 741. When a

party challenges the allegations supporting subject-matter jurisdiction, the court has wide discretion

to allow affidavits, other documents, and to hold a limited evidentiary hearing to resolve disputed

jurisdictional facts. The court may consider matters outside the pleadings, such as testimony and

affidavits, to resolve a factual challenge to subject-matter jurisdiction, without converting the motion

to dismiss to one for summary judgment. *See Garcia*, 104 F.3d at 1261. The plaintiff bears the

burden of demonstrating that subject-matter jurisdiction exists. *See Paterson v. Weinberger*, 644

F.2d 521, 523 (5th Cir. 1981).

## III.    Analysis

Section 1252(a)(2)(B)(ii) states that no court has jurisdiction to review "any . . . decision or

action of the Attorney General or the Secretary of Homeland Security the authority for which is

specified under this subchapter to be in the discretion of the Attorney General or the Secretary of

Homeland Security, other than the granting of relief under section 1158(a)."   8 U.S.C.

§ 1252(a)(2)(B)(ii).  The statutory provision governing visa petition revocations, 8 U.S.C. §1155,

states that "[t]he Secretary of Homeland Security may, at any time, for what he deems to be good

and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title [which includes an I-140 petition]."  8 U.S.C. § 1155.  Though the circuits are split on the issue,[6] the Fifth Circuit has held that the Secretary's revocation of an I-140 petition approval under §1155 is discretionary and therefore not subject to judicial review.  *See Ghanem v. Upchurch*, 481 F.3d 222 (5th Cir. 2007).

In *Ghanem*, the USCIS had approved an immigrant visa petition for Ms. Ghanem's Jordanian husband but subsequently "revoked the previously approved visa."  *Id.* at 223.  After the Ghanems unsuccessfully sought review in the Board of Immigration Appeals, they "filed a complaint for review of the revocation of the visa in [the] district court."  *Id.*  After "[t]he district court ruled that it lacked jurisdiction over the complaint and dismissed it," the Fifth Circuit considered "whether the decision of the Secretary of Homeland Security to revoke a visa pursuant to 8 U.S.C. [§] 1155 is discretionary, thus stripping this Court of jurisdiction to review the decision."  *Id.*  The court concluded that the decision was discretionary and affirmed the district court's dismissal.  The Fifth Circuit declined to follow the Ninth Circuit's approach and instead "followed the lead of the Third and Seventh Circuits" in holding that the phrase "for what he deems" vested "complete discretion in the Secretary to determine what constitutes good and sufficient cause."  *Id.* at 225.

---

[6] The Seventh Circuit stated that "the discretionary nature of the decision is apparent from the plain language of the statute." *El-Khader v. Monica*, 366 F.3d 562, 567 (7th Cir. 2004). The Third, Sixth, Eighth, Tenth, and Eleventh Circuits have also determined that the § 1155 revocation is discretionary.  *See Jilin Pharmaceutical v. Chertoff*, 447 F.3d 196 (3d Cir. 2006); *Mehanna v. USCIS*, 677 F.3d 312, 214-15 (6th Cir. 2012); *Abdelwahab v. Frazier*, 578 F.3d 817, 821 (8th Cir. 2009); *Green v. Napolitano*, 627 F.3d 1341, 1344-46 (10th Cir. 2010); *Karpeeva v. U.S. Dept. of Homeland Sec. Citizenship and Immigration Services ex rel. DHS Secretary*, 432 F. App'x 919 (11th Cir. 2011). The Second Circuit determined that a § 1155 revocation is not discretionary due to a mandatory notice requirement that has since been removed from the statute.  *See Firstland Intern., Inc. v. U.S. I.N.S.*, 377 F.3d 127 (2nd Cir. 2004).  The Ninth Circuit is the only circuit to conclude that a § 1155 revocation is not discretionary without relying on the former notice requirement.  *See ANA Int'l v. Way*, 393 F.3d 886, 894 (9th Cir. 2004).

The plaintiffs argue that when all the conditions of the portability provision (§1154(j)) apply, the Secretary's revocation of an I-140 petition approval is not discretionary and the court has jurisdiction.  (Docket Entry No. 33).  Section 1154(j) states that "an individual whose application for adjustment of status pursuant to § 1255 of this title has been filed and remained unadjudicated for 180 days or more shall remain valid with respect to a new job if the individual changes jobs or employers if the new job is in the same or similar occupational classification as the job for which the petition was filed."  8 U.S.C. § 1154(j).  The plaintiffs argue that the mandatory language of the statute, "shall remain valid," bars the Secretary from subsequently revoking a visa petition approval under § 1155, making his decision to do so reviewable.  (Docket Entry No. 33).  The plaintiffs also argue that § 1154(j)'s specific and mandatory language should trump § 1155's general grant of discretion because Congress enacted § 1154(j) in 2000, after § 1252(a)(2)(B)(ii) became law and after § 1155 was included in the INA.  The plaintiffs contend that allowing the Secretary discretion to revoke the I-140 petition approval at any time would frustrate § 1154(j)'s purpose of giving job flexibility to applicants whose applications for adjustment had been pending for 180 days or more. (Docket Entry No. 33).

*Ghanem* forecloses the plaintiffs' argument.  Although *Ghanem* dealt with a visa revocation and not an I-140 petition subject to § 1154(j)'s portability provision, its holding that courts may not review the Secretary's revocation of "any petition approved by him under section 1154" applies equally to revocations of petitions subject to § 1154(j).  *Ghanem* interpreted § 1155 to vest discretion in the Secretary to determine what constitutes good and sufficient cause for revoking a visa or other petition issued under § 1154.  Under this reading, § 1155 applies to any revocation

decision that the Secretary makes, regardless of the § 1154 subsection under which the Secretary initially approved the visa or other petition.

When Congress enacted the portability provision in 2000, it could have carved out an exception for petitions subject to § 1154(j) in § 1155, but it did not do so.  When Congress amended § 1155 in 2004 to remove the mandatory notice provision, it again did not except § 1154(j).  *See Ghanem*, 481 F.3d at 224 (explaining that "Congress . . . deleted the mandatory notice requirements in section 1155" after 2004); *Jilin Pharmaceutical USA, Inc. v. Chertoff*, 447 F.3d 196, n.6 (3d Cir. 2006) (describing Congress's decision in 2004 to "strik[e] the statute's notice requirement that limited the time at which the Attorney General could revoke approval of a petition").  The language of § 1155, as interpreted by *Ghanem*, makes the Secretary's "revo[cation] . . . of any petition approved by him under section 1154" unreviewable, including those revocations subject to § 1154(j)'s portability provision.  *See* 8 U.S.C. § 1155; *see also Ghanem*, 481 F.3d at 223.  No court has adopted the plaintiffs' reading of § 1154(j) and § 1155.[7]

The plaintiffs attempt to distinguish *Ghanem* and the weight of circuit authority on the basis that none of those cases involved revoking a petition issued under § 1154(j)'s portability provision.  But *Ghanem* did not limit its holding to, or base it on, on any particular § 1154 subsection.  Other courts since *Ghanem* have found that § 1155 revocations of portability petitions are unreviewable under § 1252's jurisdictional bar.  In *De Souza v. Napolitano*, 62 F. Supp. 3d 175 (D. Mass. 2014), for example, the district court found that it lacked subject-matter jurisdiction to review the Secretary's revocation of the plaintiffs' I-140 petition even when the plaintiffs had "ported" their

---

[7]  Even the Ninth Circuit, the lone circuit that recognizes jurisdiction over visa and petition revocations under § 1155, has rejected the plaintiffs' reading of § 1154(j) and § 1155, stating that "the Portability Provision does not affect the agency's revocation authority."  *Herrera v. USCIS*, 571 F.3d 881, 889 (9th Cir. 2009).

approved I-140 petition to another employer.  *Id.* at 179; *see also Punathil v. Heinauer*, 876 F. Supp. 2d 1294, 1297 n.4 (M.D. Fla. 2012) (declining to address the plaintiffs' arguments relating to the portability provision "[b]ecause the Court does not have subject matter jurisdiction" due to § 1155's discretionary grant); *Patel v. Johnson*, 2 F. Supp. 3d 108, 118 (D. Mass. 2014) (concluding that "the arguments that section 1155 commits the revocation decision to the discretion of the agency are more persuasive," but "proceed[ing] to analyze the merits of the complaint" and rejecting the plaintiffs' argument that § 1154(j) prevented the Secretary from revoking the plaintiff's I-140 petition).

The plaintiffs concede that neither the INA nor the APA can serve as an independent basis for the court's jurisdiction.  (Docket Entry No. 33).[8]  The INA provides jurisdiction only over actions brought by the United States, not over actions brought against the government.  *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 477 n.4 (1999).  Because the plaintiffs brought this action against the government, the INA does not provide jurisdiction.

Judicial review under the APA is limited "to the extent that . . . statutes preclude judicial review."  5 U.S.C. §701(a)(1). Because 8 U.S.C. § 1252(a)(2)(B)(ii) precludes judicial review here, the APA does not provide a basis for jurisdiction.  *See Mantena v. Napolitano*, 2014 WL 2781847, at *6 (S.D.N.Y. June 19, 2014); *Offiong v. Holder*, 864 F. Supp. 2d 611, 625 (S.D. Tex. 2012).

To the extent that the plaintiffs assert that the Mandamus Act, 28 U.S.C. §1361, provides an independent source of jurisdiction, their argument is also unpersuasive.  "Mandamus relief is only proper where the plaintiff demonstrates (1) a clear right to the relief, (2) a clear duty by the

---

[8]  They also concede that they "do not claim that violations of the legal principles and procedures contained in the USCIS and State Department's legal memoranda are themselves causes of action" and that "[t]he issue [o]f non-reviewability of consular decisions is not at play here" because they "are not asking the Court to order the consular officers in India to take any particular action."  (Docket Entry No. 33, at 15-16).

respondent to do the act requested, and (3) the lack of any other adequate remedy." *Offiiong v. Holder*, 864 F. Supp. 2d at 627.  Given § 1155's broad discretionary language, the plaintiffs have not shown and cannot show a clear duty of the Secretary to act as requested, much less a clear right to relief.  And § 1252(a)(2)(B) expressly identifies § 1361 as one of the "other provision[s] of law" from which it strips jurisdiction.  *See* 8 U.S.C. § 1252(a)(2)(B).

To the extent that the plaintiffs' due process claim remains, it does not provide a basis for jurisdiction.  Although 8 U.S.C. § 1252(a)(2)(D) excepts claims that an agency determination involved "legal error and Constitutional violations" from the § 1252(a)(2)(B)(ii) jurisdictional bar, the exception extends only to jurisdiction in the courts of appeal.  *See Mantena v. Napolitano*, 2014 WL 2781847, at *6 (S.D.N.Y. June 19, 2014); *see also Maringo v. Mukasey*, 281 F. App'x 365, 367-68 (5th Cir. 2008).  This court cannot consider the plaintiffs' due process claim.

No basis for subject-matter jurisdiction is present, requiring this court to dismiss without reaching the merits.

## IV.   Conclusion

The defendant's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), (Docket Entry No. 26), is granted.  This action is dismissed without prejudice.  An order of dismissal is separately entered.

SIGNED on July 22, 2015, at Houston, Texas.

_____

Lee H. Rosenthal

United States District Judge

10